John E. Lang Pottawatomie County Counselor County Office Building, P.O. Box 187 Westmoreland, Kansas 66549
Dear Mr. Lang:
You indicate that Pottawatomie County has a number of fire districts comprised of volunteer firefighters. You ask whether a fire district governing body appointed pursuant to K.S.A. 19-3601 et seq. has the authority to pay a per diem allowance to volunteer firefighters.
K.S.A. 19-3601a outlines the powers of a fire district governing body as follows:
 "Upon the creation of a fire district under the provisions of K.S.A. 19-3601 et seq., and amendments thereto, the governing body shall have the authority to:
"(a) Enter contracts;
"(b) acquire and dispose of real and personal property;
 "(c) acquire, construct, reconstruct, equip, operate, maintain and furnish buildings to house fire fighting equipment;
 "(d) acquire, operate and maintain fire fighting equipment;
"(e) issue bonds as provided in this act;
 "(f) pay compensation and salaries to fire district employees;
"(g) exercise eminent domain;
 "(h) pay the operation and maintenance expenses of the fire district and any other expenses legally incurred by the fire district; and
 "(i) do all other things necessary to effectuate the purposes of this act."[1]
K.S.A. 19-3610 authorizes an ad valorem tax levy on property within the fire district and limits the use of levy proceeds "to carry out the powers, duties and functions of the governing body of the fire district as specified in K.S.A. 19-3601a. . . ." K.S.A. 19-3601a authorizes a fire district governing body to pay compensation to fire district employees; however, it does not provide for paying compensation to volunteer firefighters who are not employees of the fire district. The word "employee" is not defined in Article 36 of K.S.A. Chapter 19. Whether a person is an employee within the meaning of a particular statute depends upon the facts and circumstances.[2] We do not have adequate information to make a determination of whether the volunteer firefighters in Pottawatomie County are employees of the various fire districts.
You draw our attention to a conflict between Attorney General Opinion No. 80-89 and K.S.A. 19-3601a(f). Attorney General Opinion No. 80-89 concludes that:
 "There is no specific statutory authority providing for the payment of salaries and salary-related expenses of fire district personnel in fire districts created pursuant to K.S.A. 1979 Supp. 19-3601, and the proceeds from the levy authorized by K.S.A. 19-3610
may not be used for the payment of salaries and salary-related expenses."
When Attorney General Opinion No. 80-89 was written in 1980, K.S.A.19-3601a did not authorize the payment of compensation to fire district employees. Paragraph (f) of K.S.A. 19-3601a was added by the Legislature in 1992.[3] Thus, the portion of Attorney General Opinion No. 80-89 that concludes that there is no statutory authority to use proceeds of the tax levied pursuant to K.S.A. 19-3610 to pay fire district employees is in conflict with the current provisions of K.S.A. 19-3601a and that portion of the Opinion is hereby withdrawn. The remaining portions of Attorney General Opinion No. 80-89 that discuss the home rule powers of a board of county commissioners to levy an additional tax on the property in a fire district remain viable.
A fire district is a creature of statute and has only such power and authority expressly granted by the Legislature.[4] Any exercise of authority by a fire district must come from within the statutes. While there are other statutes that authorize the organization of fire districts, some of which contain specific authority for paying volunteer firefighters,[5] K.S.A. 19-3601 et seq. does not include such authority. Because K.S.A. 19-3601 et seq. does not specifically authorize a fire district to pay volunteer firefighters, we opine that a county fire district governing body organized pursuant to K.S.A. 19-3601 etseq. may not pay a per diem allowance to volunteers responding to fire calls, unless those volunteers are employees of the fire district.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm
[1] Emphasis added.
[2] Black's Law Dictionary 525 (6th Ed. 1990).
[3] L. 1992, Ch. 132, § 1.
[4] Petition of City of Shawnee, 236 Kan. 1, 12 (1984).
[5] K.S.A. 2000 Supp. 12-3915(k); K.S.A. 19-3620; 80-1516; 80-1531; 80-1544(a).